IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **LEYDA BATIZ,** *et al.,*<br><br>    Plaintiff,<br><br>    v.<br><br>**CARNIVAL CORPORATION**, *et al.,*<br><br>    Defendants. | Civil No. 12-1262 (GAG/BJM) |

## OPINION AND ORDER

In this diversity action, Leyda Batiz ("Batiz"), along with her minor children, sued Carnival Cruise Lines and Carnival Corporation, (collectively, "Carnival"), as well as unnamed individuals and insurance companies, seeking compensation for alleged personal injuries suffered while on board a Carnival cruise ship. (Docket No. 1, hereinafter, "Compl."). Before the court is Carnival's motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, or, in the alternative, to transfer the case to the Southern District of Florida. (Docket No. 9). The court ruled that it "will not dismiss the complaint, but rather transfer the same, if warranted," and has referred the motion to me for disposition. (Docket No. 10). Carnival contends that the Guest Cruise Ticket Contract (the "contract") entered into by the parties contained a forum selection clause mandating that all matters and disputes be litigated in the United States District Court for the Southern District of Florida. (Docket No. 9). Carnival filed a brief in support of their motion. (Docket No. 18, hereinafter, "Brief"). Batiz opposed and requested an evidentiary hearing. (Docket No. 27). For the foregoing reasons, Batiz's request for an evidentiary hearing is **denied** and Carnival's motion to transfer is **granted**.

## FACTUAL BACKGROUND

Batiz and her minor sons are all residents of the Commonwealth of Puerto Rico. (Compl., ¶ II.2-4). Co-defendant Carnival Corporation, of which Carnival Cruise Lines is a

division, is a Florida corporation with its principal place of business also in Florida. (Id., ¶ II.5-6).

On April 17, 2011, Batiz and her sons boarded a Carnival ship for a seven-day cruise. (Compl., ¶¶ III.15, 19). Prior to boarding the ship, Batiz had been hospitalized for ten days, suffering from a number of conditions. (Compl., ¶ III.10). She was discharged the morning of the cruise. (Id.). Despite being ill, Batiz and her children boarded the ship, as she was unable to cancel the trip for a refund. (Id., ¶ III.12). She had also attempted to transfer her ticket to her brother, so that he could enjoy the cruise with her children, but was not allowed to do so because she had purchased it with a military discount. (Id., ¶¶ III.13-14).

On April 20, 2012, Batiz experienced an allergic reaction, allegedly caused by food she had consumed, as she had not been provided with the specialized diet she requested. (Id., ¶¶ III.20, 23). Batiz further alleges that she did not receive proper medical attention at the infirmary and that her condition worsened as a result. (Id., ¶¶ III. 24-28). The cruise ship returned to Puerto Rico on April 24, 2011, at which time Batiz was hospitalized for fourteen days because her condition had deteriorated during the remainder of the trip. (Id., ¶ III.31).

## DISCUSSION

"As a rule, forum selection clauses 'are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances.'" Diaz Morales v. Royal Caribbean Cruises, Ltd., 419 F. Supp. 2d 97, 99 (D.P.R. 2006) (quoting M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 2 (1972)). Accordingly, courts will enforce forum selection clauses unless the resisting party can "clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." Bremen, 407 U.S. at 15. This includes forum selection clauses contained in passenger contracts. Carnival Cruise Lines v. Shute, 499 U.S. 585 (1991); Reynolds-Naughton v. Norwegian Cruise Line Ltd., 386 F.3d 1 (1st Cir. 2004); Rosa-Nales v. Carnival Corp., Civil No. 11-1526 (JAF), 2012 U.S. Dist. LEXIS 79556 (D.P.R. June 8, 2012).

A two-prong test governs the enforceability of passenger ticket contracts. Shankles v. Costa Armatori, S.P.A., 722 F.2d 861, 864-866 (1st Cir. 1983). "First, a court must examine the facial clarity of the ticket contract and whether its language and appearance make the relevant provisions sufficiently obvious and understandable." Lousararian v. Royal Caribbean Corp., 951 F.2d 7, 8 (1st Cir. 1991). Second, a court must consider the passenger's familiarity with the ticket, "which involves scrutiny of any extrinsic factors indicating the passenger's ability to become meaningfully informed of the contractual terms at stake." Id. at 9. Once the terms and conditions have been reasonably communicated, the court must decide whether, and to what extent, passengers are bound by them. Shankles, 722 F.2d at 864. Regardless of whether or not a passenger has read the terms and conditions, courts may deem them enforceable so long as they have been reasonably communicated. Gomez v. Royal Caribbean Cruise Lines, 964 F. Supp. 47, 50 (D.P.R. 1997) (citing Coleman v. Norwegian Cruise Lines, 753 F. Supp. 1490, 1497 (W.D. Mo. 1991)). Furthermore, important terms contained in a passenger ticket contract "can be imputed to a passenger who has not personally received the ticket or possession thereof. The ticket may be received by [the] passenger[s] themselves or by their travel agent." Id. at 50 (citing Marek v. Marpan Two, 817 F.2d 242, 247 (3rd Cir. 1987)).

Here, the terms and conditions of Carnival's contract satisfy the first prong because they are "sufficiently obvious and understandable." See Shankles, 722 F.2d at 864-865. The first page of the document labeled as the "Cruise Ticket Contract" plainly signals its importance, beginning with "IMPORTANT TERMS AND CONDITIONS OF CONTRACT – READ CAREFULLY." (Docket No. 18-2, p. 7). The forum selection clause is equally clear, reading as follows:

> 12(c) Except as provided in Clause 12(d) below, it is agreed by and between the Guest and Carnival that all disputes and matters whatsoever arising under, in connection with or incident to this Contract or the Guest's cruise, . . ., shall be litigated, if at all, before the United States District Court for the Southern District of Florida in Miami, … to the exclusion of the Courts of any other county, state or country.

(Id., p. 19).  Similar language pertaining to forum selection is printed under the heading "Responsibility" in the "Good-To-Know Info" portion of the cruise brochure.  (Docket No. 18-4, p.5).  Carnival gives these cruise brochures to travel agents booking vacations for passengers and they are also made available to guests so that they may familiarize themselves with their upcoming vacations.  (Docket No. 18-1, ¶ 17).

The second prong of the test states that reasonable notice should be judged by an analysis of the ticket, as well as "any extrinsic factors indicating a passenger's ability to become meaningfully informed of the contractual terms …."  Shankles, 722 F.2d at 866.  Carnival has shown that Batiz had several opportunities to familiarize herself with the terms and conditions of her agreement with the cruise line.  (See Brief, pp. 2, 3).  Specifically, Carnival issued the contract, in electronic form, to Batiz's travel agent, Vacations To Go.  (Docket No. 18-1, ¶8; Docket No. 18-2).  Next, the contract was issued, in print, to Batiz, prior to boarding the Carnival Victory.  (Docket No. 18-1, ¶¶ 9, 13; Docket No. 18-3, p.1).  All passengers, including Batiz, are required to sign an acknowledgement form stating that they have received and accept the contract before gaining entry to the ship.  (Docket No. 18-1, ¶ 10).  Finally, Carnival asserts that the contract was available to view on their website.  (Docket No. 18, p. 3).  However, there is nothing in the record to verify that it was available on Carnival's website at the time in question.

Batiz argues that "it is impossible to believe that the minors, who are also Plaintiffs in the case at hand, 'knew' about the specifics of a contract . . .," implying that her sons should not be held to the forum selection clause.  (Docket No. 27, p. 9).  However, as previously noted, passengers are bound by "reasonably communicated" contractual terms, even if they have not received or read the terms themselves.  Gomez, 964 F. Supp. at 50.  Moreover, courts routinely enforce forum selection clauses against minors.  Morrow v. Norwegian Cruise Line Ltd., 262 F. Supp. 2d 474, 476 (M.D. Pa. 2002) ("A minor cannot accept the benefits under a contract then

seek to avoid the unfavorable obligations or consequences attached to those contractual benefits."); see also Igneri v. Carnival Corp., 1996 U.S. Dist. LEXIS 22484, 8 (E.D.N.Y. Feb. 1, 1996) (A "minor is not relieved from compliance with the lawful terms of a passage contract."); Harden v. American Airlines, 178 F.R.D. 583, 587 (M.D. Ala. 1998) ("If the minor chooses benefits under the contract, he may not avoid his obligations thereunder.").

Batiz conclusorily asserts that "extrinsic factors" indicate Carnival breached the contract, causing her damages, but does not identify what factors may have limited her ability to become familiar with the contractual terms or that she was unfamiliar with the terms at all. (See Docket No. 27, p.9). She further contends that enforcing the clause is "unreasonable under the circumstances." Bremen, 407 U.S. at 10. To succeed on this claim, she must show that a transfer to the Southern District of Florida "will be so gravely difficult and inconvenient that [she] will for all practical purposes be deprived of [her] day in court." Id. at 18. Batiz asserts her status as a single mother and disabled veteran of the United States Army, along with "serious health issues," as factors that "impede[ ] her travel to another place[ ] that is not Puerto Rico." (Docket No. 27, p. 9).

While the court is sympathetic to her condition and the inconvenience a transfer may cause, Batiz has not met the "heavy burden" imposed by Bremen. See Bremen, 407 U.S. at 17-18. Inconveniences of travel or financial expense are not sufficient factors to overcome contractual agreements. Furness v. Wright Med. Tech., Inc. (In re Mercurio), 402 F.3d 62, 66 (1st Cir. 2005); see also Doe v. Seacamp Ass'n, 276 F. Supp. 2d 222, 226 (D. Mass. 2003). Furthermore, while her attorney is required to travel for litigation, Batiz "may pursue her claim without appearing in court in person." Pratt v. Silversea Cruises, Ltd., 2005 U.S. Dist. Lexis 13229, 12 (N.D. Cal. 2005) (citing Effron v. Sun Line Cruises, 67 F.3d 7, 11 (2d Cir. N.Y. 1995) ("A plaintiff may have his 'day in court' without ever setting foot in a courtroom.")). "[T]he

availability of electronic filing and video and teleconferencing technology limits the need for travel." Id. Moreover, no evidence has been proffered to support her contention. While she states that a transfer would be unreasonable, the majority of her response to Carnival's motion recites the theory of the case, leaving the court with no basis to analyze how the enforcement of the clause would be so "so gravely difficult and inconvenient" that she would be "deprived of [her] day in court." Bremen, 407 U.S. at 18; see also Velázquez Rodríguez v. Municipality of San Juan, 659 F.3d 168, 175 (1st Cir. 2011) (citations omitted) ("[P]arties must spell out their issues clearly, highlighting the relevant facts and analyzing on-point authority."); United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) (internal citations omitted) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work …. [A] litigant has an obligation to spell out its arguments squarely and distinctly.").

Batiz has requested an evidentiary hearing to demonstrate the "extraordinary circumstances that warrant[ ] the non-removal of the instant case." (Docket No. 27, p. 9). The court may hold an evidentiary hearing and make findings of fact in order to "adjudicate the jurisdictional issue definitively before the case reaches trial." Foster-Miller, Inc. v. Babcock & Wilcox Can., 46 F.3d 138, 146 (1st Cir. 1995). However, such a hearing is only needed where a party so requests, and where "issues of credibility are presented and must be resolved to determine an issue of fact material to the court's disposition of the motion …." See Boit v. Gar-Tech Products, Inc., 967 F.2d 671, 676 (1st Cir. 1992) (in motion to dismiss context).

Batiz argues that she is entitled to a hearing following Rosa-Nales v. Carnival Corp., Civil No. 11-1526 (JAF), 2012 U.S. Dist. LEXIS 70657 (D.P.R. May 21, 2012). (Docket No. 27, p. 9). However, in Rosa-Nales, the hearing was strictly limited to the disputed terms of the guest ticket contract and the specific dates of the plaintiff's cruise. Rosa-Nales, 2012 U.S. Dist. LEXIS 70657, at *4. Neither issue is in dispute in the present case, nor can I discern any other factual disputes or determinations of credibility to be resolved. Although she wishes to put on

live testimony, Batiz has not offered any evidence of disputed facts that would justify the time and expense of a hearing.

## CONCLUSION

For the foregoing reasons, Batiz's request for an evidentiary hearing is **DENIED**. Carnival's motion to transfer this case to the United States District Court for the Southern District of Florida is **GRANTED.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 9th day of November, 2012.

*S/ Bruce J. McGiverin*
BRUCE J. McGIVERIN
United States Magistrate Judge